## Allison v. Commonwealth.

(Decided October 4, 1927.)

### Appeal from Lawrence Circuit Court.

1. Gaming.—In a prosecution under Ky. Stats., sec. 1978, for suffering gaming on premises under his control, instructions not requiring the jury to believe that the betting was with defendant's

knowledge before they found defendant guilty held erroneous, since to "suffer" the offense denounced means to permit with knowledge.

2.    Gaming.—One knowingly allowing betting on pool games on premises under his control may be convicted under Ky. Stats., sec. 1978, providing punishment for whoever shall suffer gaming in a house, boat, float, or premises under his control, as well as under section 1979, providing lesser punishment for any person licensed to keep pool table knowingly permitting those playing pool to bet on the game.

C. F. SEE, JR., for appellant.

F. E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

Appellant was convicted in the Lawrence circuit court of the offense of suffering gaming on premises under his control and sentenced to a fine of $200. He moves this court for an appeal, and asks that judgment be reversed upon the grounds hereinafter discussed.

The offense of which appellant was convicted is denounced by section 1978, Kentucky Statutes, which reads:

"Whoever shall suffer any game whatever at which money or property is won or lost, to be played in a house, boat, float, or on premises in his occupation or under his control, shall be fined from two hundred dollars ($200.00) to five hundred dollars ($500.00) for each offense."

The gravamen of the offense under that statute is suffering gambling on the games, not suffering the games to be played. Hence, to be guilty of this offense, the occupant or one in possession of the building must know that those playing at the game, legal in itself, are betting on it before he can be said to "suffer" the offense denounced by this statute. Therefore the word "suffer" used in the statute should be defined as directed in Bunnell v. Commonwealth (Ky.) 99 S. W. 237, and Ruh v. Commonwealth, 141 Ky. 585, 133 S. W. 219. For these and the reasons given in the two opinions referred to the instructions given herein were erroneous in that they did not require the jury to believe that the gambling on the game of pool was done with appellant's knowledge.

Appellant insists that, as the indictment charged and the evidence for the commonwealth established, the game upon which the betting was done to have been pool, he at most was guilty of the offense denounced by section 1979, Kentucky Statutes, punishable by fine not less than $25, nor more than $100. Hence, he urges that the trial court erred in instructing the jury under the provisions of section 1978, supra. In this appellant is in error. Section 1979 makes it unlawful for any person licensed to keep a pool table to knowingly allow or permit those playing pool thereon to bet on the game. That offense may be committed by the proprietor of the pool table knowingly permitting the patrons of the game to bet on it without regard to whether he has any control of the house in which the pool table is located. The offense under section 1978 is much broader and is committed when one in possession or control of a house, boat, float, or premises suffers "any game whatever" (including pool or billiards) at which money or property is bet, won or lost to be played therein. The evidence went further than to establish merely that appellant, the keeper of a pool table, permitted the players to bet on the game. It went far enough to make it a question for the jury whether he, in possession and control of a building, suffered persons playing a game in it to bet, win, and lose money on the game. Section 1979 does not provide the exclusive penalty for one who permits those playing pool on his pool table to gamble on the game. If it appears that he also has possession or control of the building, boat, float, or premises in which the pool table is located and game is played, he is guilty of the offense declared by section 1978. Hence, under the indictment and evidence, it was not error to instruct under section 1978 of our statutes.

For the reasons indicated, the appeal is granted and judgment reversed for proceedings consistent herewith.